CARROLL E. ODEN and VALTA L. ODEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Oden v. Commissioner
Docket No. 259-79.
United States Tax Court
T.C. Memo 1981-6; 1981 Tax Ct. Memo LEXIS 742; 41 T.C.M. (CCH) 694; T.C.M. (RIA) 81006; January 5, 1981
*742 Carroll E. Oden, pro se. Linda L. Wong, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined the following deficiencies in petitioners' Federal income tax and additions to tax for 1975 and 1976: Carroll E. Oden
Sec. [1]
Sec.
Sec.
Year
Deficiency
6651(a)
6653(a)
6654
1975
$ 1,293.13
$ 323.28
$ 64.66
$ 56.27
1976
1,336,98
334.25
66.85
49.90
Valta L. Oden
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)
6653(a)
6654
1975
$ 513.97
$ 128.49
$ 25.70
$ 22.37
1976
512.65
128.16
25.63
19.13
Petitioners filed Forms 1040 for 1975 and 1976 in which no intelligible information was given with respect to their income and deductions and in which various constitutional arguments were made. Respondent determined the disputed deficiencies by an indirect method of income reconstruction. When the case was called for trial, petitioner Carroll Oden appeared but offered no evidence to show that the *743 respondent's determinations were excessive. The only contention that he made was that the Federal income tax may not constitutionally be collected from individuals, and consequently the determined deficiencies and additions to tax are erroneous. The argument is frivolous. See the discussion of Article I and the Sixteenth Amendment of the Constitution in Penn Mutual Indemnity Co. v. Commissioner, 32 T.C. 653 (1959). No evidence having been presented to show that the determinations in the notices of deficiency are erroneous, Decision will be entered for the respondent. Footnotes
1. All section references are to the International Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.↩